**Cassie K. Jones, OSB #083806**
jones@gleaveslaw.com
Gleaves Swearingen LLP
P.O. Box 1147
Eugene, OR 97440
Telephone: (541) 686-8833
Facsimile: (541) 345-2034

Of Attorneys for Summit Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 26-30815-thp7 |
| WILLIAM ALLEN FARNUM AND ELIZABETH WELLER FARMUM | **SUMMIT BANK'S OBJECTION TO CLAIMED EXEMPTIONS** |
| Debtors. | |

Creditor Summit Bank, by and through its attorney, Cassie K. Jones, hereby objects to the Debtors' claim of exemption in Schedule C (ECF No. 1) in the following property under the provisions of 11 U.S.C. § 522(l) and Federal Rule of Bankruptcy Procedure (FRBP) 4003:

- Nike, Inc. Stock Incentive Plan (As amended as of June 17, 2020) (Restricted Stock Units; approximate RSU face value $171,188.00) (the "Restricted Stock Units") – alternatively claimed 75% exempt under ORS § 18.385 or 100% exempt under ORS § 18.358; and

- Nike, Inc. Deferred Compensation Plan (Jan 1, 2008 Restatement) (the "Deferred Compensation Plan Accounts") - alternatively claimed 75% exempt under ORS § 18.385 or 100% exempt under ORS § 18.358.

Summit Bank objects to the above exemptions because the exemptions claimed do not apply to the

Page 1 –OBJECTION TO CLAIMED EXEMPTIONS

assets listed as (1) neither the Nike Inc. Stock Incentive Plan, or the resulting Restricted Stock Units received, nor the Nike Inc. Deferred Compensation Plan constitute a "Retirement Plan" pursuant to ORS § 18.358; (2) neither the Restricted Stock Units nor any Deferred Compensation account which might exhibit constitute "disposable earnings" under ORS § 18.385; and (3) to the extent that amounts contained in any account pursuant to Nike, Inc.'s Deferred Compensation Plan or the Restricted Stock Units do constitute "disposable earnings" of Mr. Farnum under Oregon Law, the exemption is subject to the ORS § 18.348(2) cap on accumulated funds greater than $7,500.00.

Summit Bank moves that the exemptions be disallowed in full, or to the extent that the Restricted Stock Units or any Deferred Compensation Plan account attributable to Mr. Farnum is determined to be "disposable earnings", that the 75% exemption be capped at a total of $7,500.00 for all accumulated disposable earnings assets held in accounts for Debtor.

Additionally, Summit Bank joins the Trustee's Objection to Claimed Exemption (Doc. 25) filed of even date herewith.

**MEMORANDUM**

I.   **ARGUMENT**

   A.   **The Nike, Inc. Stock Incentive Plan Restricted Stock Units cannot be exempted under ORS § 18.358 or ORS § 18.385.**

Debtors make alternative claims that Mr. Farnum's Restricted Stock Units, with a face value of $171,188.00 should either be entirely exempt under ORS §18.358 as a Retirement Plan, or should be 75% exempt as "compensation paid or payable for personal services" (seemingly admitting that the wage exemption is subject to ORS § 18.348(2)'s $7,500.00 cap due to that statutes notation in the Petition).

First, there is absolutely no evidence that the Restricted Stock Units Mr. Farnum holds constitute a "Retirement Plan" under Oregon law, which is defined as follows:

Page 2 –OBJECTION TO CLAIMED EXEMPTIONS

GLEAVES SWEARINGEN LLP
PO Box 1147
Eugene, OR  97440
Office: (541) 686-8833      Fax: (541) 345-2034

(A) A pension plan and trust, including a profit sharing plan, that is described in section 401(a), 401(c), 401(k), 403, and 457 of the Internal Revenue Code , including that portion attributable to contributions made by or attributable to a beneficiary;

(B) An individual retirement account or annuity, including one that is pursuant to a simplified employee pension, as described in section 408, or 408A of the Internal Revenue Code; and

(C) Any pension not described in subparagraphs (A) and (B) of this paragraph granted to any person in recognition or by reason of a period of employment by or service for the Government of the United States or any state or political subdivision of any state, or any municipality, person, partnership, association or corporation.

ORS §18.358(1)(d).

The Nike, Inc. Stock Incentive Plan is not a qualified retirement plan under the Internal Revenue Code.   The shares Mr. Farnum was awarded thereunder, were explicitly for the purpose "to enable the Company to attract and retain experienced officers, directors, employees, consultants, advisors, and independent contractors and to provide an incentive for them to apply their best efforts on behalf of the Company."  The purpose of the Restricted Stock Units awarded to Mr. Farnum was not to provide retirement but rather to provide incentives for Mr. Farnum to continue to serve his employer.   The stocks which vested and were awarded to Mr. Farnum are entirely unrelated to retirement.  Therefore, the claimed ORS §18.358 exemption should not be allowed.

Second, Debtor should not be able to exempt 75% of the value of his Restricted Stock Units received under ORS §18.385 because there is no evidence that the stocks that were awarded to Mr. Farnum were awarded as "compensation paid or payable for personal services."  It is unclear at this juncture what the nature of the granting of each Restricted Stock Units was in fact related to.   To the extent that the Restricted Stock Units are in fact still traceable as compensation paid or payable for personal services, and is not simply a personal property asset of the Debtor subject to administration by the Trustee, Debtor's exemption should be limited to not only the 75% limitation contained in ORS §18.385, but also the cap on the exemption contained in ORS § 18.348(2).

Page 3 –OBJECTION TO CLAIMED EXEMPTIONS

**B.** **The Nike, Inc. Deferred Compensation Plan Account of unknown value cannot be exempted under ORS § 18.358 or ORS § 18.385**

The Debtor has not provided any detail as to what accounts may have been set up for his benefit under the Nike, Inc. Deferred Compensation Plan, simply listing it as an asset of "unknown value" and not having provided any information relating to what compensation may have been deferred.

What we do know is that the Plan is not a qualified retirement plan under the Internal Revenue Code, is not an ERISA plan, Mr. Farnum has the ability to voluntarily defer compensation (we don't know that he actually has according to the Petition), and that to the extent compensation has been deferred it would be placed in a segregated Participant Account which Mr. Farnum has significant control over, including the ability to schedule withdrawals. To the extent an account has been set up for the benefit of Farnum which is traceable to compensation paid or payable for personal services provided by Mr. Farnum,  that account would,  at best, qualify for the ORS § 18.385 exemption of 75%, capped by the limitation contained in ORS § 18.348(2), and not the 100% exemption afforded under ORS § 18.358.

## II.  CONCLUSION

The Court should deny Debtor's claimed exemptions relating to the Restricted Stock Units and any Deferred Compensation Account created on behalf of the Debtor.  Alternatively, should the Court find that either or both of the assets constitute "disposable earnings", the Court should limit the claimed exemption of 75% of value to a total exemption of no more than $7,500.00.

Dated this 10th day of June, 2026

GLEAVES SWEARINGEN LLP

By:  _/s/ Cassie K. Jones_ _____
  Cassie K. Jones, OSB #083806

Of Attorneys for Summit Bank

GLEAVES SWEARINGEN LLP
PO Box 1147
Eugene, OR  97440
Office: (541) 686-8833      Fax: (541) 345-2034

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I served a copy of the forgoing OBJECTION TO CLAIMED EXEMPTIONS on the following parties by the following methods:

**Via ECF Notice:**

Christopher N. Coyle, Attorney for Debtors
ccoyle@sussmanshank.com; ecfmail@sussmanshank.com

Candace Amborn, Chapter 7 Trustee
candace@trusteeamborn.com; cea@trustesolutions.net

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

GLEAVES SWEARINGEN LLP


By:  _/s/ Cassie K. Jones_____
Cassie K. Jones, OSB #083806

Of Attorneys for Summit Bank

GLEAVES SWEARINGEN LLP
PO Box 1147
Eugene, OR  97440
Office: (541) 686-8833     Fax: (541) 345-2034