Christopher N. Coyle, OSB No. 073501
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: ccoyle@sussmanshank.com

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>William A. Farnum and<br>Elizabeth F. Farnum<br><br>Debtors. | Case No. 26-30815-thp7<br><br>DEBTORS' RESPONSE TO SUMMIT BANK'S OBJECTION TO CLAIMED EXEMPTIONS |

Debtors William. A. Farnum and Elizabeth F. Farnum ("**Debtors**"), by and through counsel, hereby RESPOND to Summit Bank's Objection to Claimed Exemptions [Docket No. 26] (the "**Objection**") filed by Summit Bank ("**Summit**"); in response, Debtors state as follows:

1. In response to Summit's joining the Trustee's Objection to Claimed Exemptions [Docket No. 25], Debtors respond with Debtors' Response to Trustee's Objection to Claimed Exemption filed of even date herewith and incorporate the same by reference.

2. The above-captioned bankruptcy case was filed on March 11, 2026 (the "**Petition Date**").

3. Summit "has the burden of proving that an exemption was not properly claimed." Fed. R. Bankr. P. 4003(c). The objector must show by a preponderance of the evidence that the debtor has not properly claimed the exemption. *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17 (9th Cir. BAP 2003). A claimed exemption is "presumptively valid." *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). The objecting party "has the burden of production and

the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption." *Id*. (*citing In re Lester*, 141 B.R. 157, 161 (S.D. Ohio 1991)). Only if rebutted does the burden then shift to the debtor to produce "unequivocal evidence to demonstrate that the exemption is proper. The burden of persuasion, however, always remains with the objecting party." *Id*. (internal citations omitted).

4. Both the Nike, Inc. Stock Incentive Plan and Nike, Inc. Deferred Compensation Plan are pensions. They are not *ERISA-qualified* pension plans, but non-ERISA-qualified pension plans, fulfilling the purpose of deferred compensation for post-employment income. On information and belief, both plans are "top hat" plans; these plans are described, by the U.S. Department of Labor, as "unfunded or insured pension plans for a select group of management or highly compensated employees." U.S. Department of Labor, "Top Hat Plan Statement" (available online at https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/e-file/tophat-plan-filing-instructions). ORS 18.358 includes, in its definition of "Retirement plan" "Any pension not described in subparagraphs (A) or (B) of this paragraph granted to any person in recognition or by reason of a period of employment by or service for … any … corporation." ORS 18.358(1)(d)(C). William Farnum is a person, his participant in both plans is a result of employment for Nike, Inc., and Nike, Inc. is a corporation. Pension is not defined in ORS 18; a pension is a "regular series of payments made to a person (or the person's representatives or beneficiaries) for past services or some type of meritorious work done …". *Pension*, Black's Law Dictionary (10th ed. 2014). The ORS 18.358 exemption, unlike under the federal exemption scheme, is not limited to a retirement fund qualifying under sections 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code. *Compare* ORS 18.358(1)(d) *with* 11 U.S.C. § 522(b)(3)(C), (4).

5. The Oregon Revised Statutes (ORS) provides for certain exemptions of "disposable earnings." ORS 18.385. ORS defines "Earnings" to include "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

includes periodic payments pursuant to a pension or retirement program." ORS 18.375(2).

6. With respect to the objection to exemption, the Nike, Inc. Stock Incentive Plan and Nike, Inc. Deferred Compensation Plan both represent part of William Farnum's compensation from his employer. The Stock Incentive Plan provides equity-based compensation for employees and "provide[s] an incentive for them to apply their best efforts on behalf of the Company." Nike, Inc. Stock Incentive Plan ¶ 1. The Nike, Inc. Deferred Compensation Plan is, as its name suggests, a deferred *compensation* plan under section 409A of the Internal Revenue Code. ORS 18.385 exempts earnings, not just payroll denominated as "wages."

7. Consistent with the nature of *deferred* compensation, these funds are not in a financial account of the Debtor. In fact, consistent with the nature of such deferred compensation plans, these are unfunded. Just like any other form of compensation not yet received, these amounts represent compensation earned, but not yet paid to William Farnum. As such, the limitation on funds deposited in an account in a financial institution fails on both the part of Nike, Inc. (as the plans are unfunded, so there are no funds) and on the part of the Debtors (as they have not received the compensation and, thus, cannot have the funds deposited in an account).

8. There is no limitation on the amount of the "75 percent of the disposable earnings of an individual" under ORS 18.385.

WHEREFORE, the Debtors respectfully request that the Court DENY the Objection.

Dated this 24th day of June, 2026.

SUSSMAN SHANK LLP

By /s/ Christopher N. Coyle
Christopher N. Coyle, OSB No. 073501
Attorneys for Debtors



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130